IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| CAMERON ELLIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 19-1489C |
| UNITED STATES, | ) Judge Kaplan ) |
| Defendant. | ) ) |

DEFENDANT'S MOTION TO DISMISS

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims, defendant, the United States, respectfully requests that this Court dismiss the complaint filed by *pro se* plaintiff, Cameron Ellis. This Court lacks jurisdiction to entertain a claim for mishandling of mail or inadequate postal services, and Mr. Ellis fails to state a claim for breach of contract.[1]

BACKGROUND

Mr. Ellis alleges that, on or about June 2018, the United States Postal Service failed to intercept and return to him a parcel he had sent from Massachusetts to California. Compl. at 2, Sept. 26, 2019, Dkt. No. 1. He alleges that he reported the incident to the Postal Service, who was not able to find or return the parcel. *Id.* at 3. Mr. Ellis alleges that the parcel has been "wrongfully delivered, lost, or stolen." *Id.* at 3. He asserts that he filed a complaint "form 1000" with a Postal Service claim department and his "claim and appeal were denied." *Id.* at 3. Mr. Ellis sues the United States, alleging breach of contract and negligence arising from or

---

[1] The United States files this motion in lieu of an answer to Mr. Ellis's complaint. Should the Court deny this motion, the United States respectfully requests an opportunity to file an answer within 60 days of that denial.



related to his alleged request to intercept his parcel, and the Postal Service's alleged failure to deliver or return his parcel. *Id.* at 4. In damages, he seeks the value of the parcel. *Id.*

## ARGUMENT

This Court's jurisdiction—its power, right, and authority to hear and decide a case—is established and defined by the Tucker Act, as amended. 28 U.S.C. § 1491. The Tucker Act authorizes this Court "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated damage or unliquidated damages in cases not sounding in tort." *Id.* § 1491(a)(1). The Tucker Act, however, is a "jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [this Court] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976).

Therefore, a plaintiff must identify a separate source of substantive law, such as an express or implied contract, Federal statute, or Federal regulation, that creates the right to money damages. *Fisher v. United States,* 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc). The burden is on the plaintiff to establish the Court's jurisdiction. *FW/PBS, Inc. v. Dallas,* 493 U.S. 215, 231 (1990).

I. This Court Lacks Jurisdiction To Entertain Claims Based On Mishandling Of Mail

This Court should dismiss Mr. Ellis's complaint for lack of jurisdiction. *See* R. Ct. Fed. Cl. 12(b)(1). "The United States is liable to the owners of lost or damaged mail only to the extent to which [the United States] has consented to be liable, and the extent of its liability is defined by the Postal Service laws and Regulations." *Twentier v. United States*, 109 F. Supp. 406, 408–09 (Ct. Cl. 1953). Under Postal Service laws and regulations, the United States is not liable for the failure to intercept his parcel or for his parcel's loss.

"In order to secure protection against loss or damage, it is necessary to use registered, insured or c.o.d. [(care on delivery)] services for mail." *Id.* at 409. This requirement is set forth in Postal Service regulations. "A customer may file an indemnity claim for insured mail, COD items, Registered Mail with postal insurance, or Priority Mail Express." Domestic Mail Manual (DMM) at 609.1.1, *available at https://pe.usps.com/DMM300*; *see also* 39 C.F.R. § 111.1 (incorporating by reference the DMM as a regulation of the Postal Service).

Mr. Ellis has not alleged to have purchased insurance or other protection; rather, he contends he sought only to intercept his unprotected parcel. "Package Intercept service provides a method for customers to authorize redirection of any mailable domestic mailpiece with a tracking barcode . . ., unless otherwise ineligible . . . ." DMM at 507.5.1.1. "Interception of eligible mailpieces is not guaranteed." *Id.* Accordingly, to the extent Mr. Ellis availed himself of package intercept services, no contractual relationship arose between him and the Postal Service by virtue of the request for intercept.

Courts to have considered claims involving mishandling of mail have generally held that such claims sound in tort, and are subject to the provisions of the Federal Tort Claims Act (FTCA). *E.g.*, *Kant v. United States*, 123 Fed. Cl. 614 (2015) (dismissing tort claims arising from loss of toys taken for inspection and not returned); *Moore v. U.S. Postal Service Employees*, No. 10-65C, 2010 WL 2507797 (Fed. Cl. Jun. 21, 2010) (denying transfer and dismissing complaint alleging claims arising from interference with mail delivery); *Naskar v. United States*, 82 Fed. Cl. 319 (2008) (denying transfer and dismissing complaint alleging claims arising from mishandling and damage to mail); *Lucas v. United States*, 228 Ct. Cl. 860, 861–62 (1981) (dismissing tort and constitutional claims arising from delay in transmitting mail); *see also Foster v. Pitney Bowes Corp.*, Nos. 2013-1374, 2014-1444, 549 F. App'x 982, 986–87 (Fed.

Cir. Dec. 11, 2013) (dismissing tort and other claims brought by inventor against the Postal Service). This Court plainly and indisputably lacks jurisdiction to entertain tort claims. 28 U.S.C. § 1491(a)(1).

In the alternative, while tort claims for monetary damages are governed by the FTCA, claims against the Postal Service that do not sound in tort but allege inadequate service must be filed with the Postal Regulatory Commission. *Foster*, 549 F. App'x at 985–86 (citing 39 U.S.C. § 3662). A person "who believes the Postal Service is not operating in conformance with [applicable law] . . . may lodge a complaint with the Postal Regulatory Commission in such form and manner as the Commission may prescribe." *Id.* (citing 39 U.S.C. § 3662(a)). After exhaustion of this administrative remedy, judicial review of a Commission decision rests exclusively in the United States Court of Appeals for the District of Columbia, not this Court. *Id.* (citing 39 U.S.C. § 3663).

In *LeMay v. United States Postal Service*, the United States Court of Appeals for the Eighth Circuit considered a similar question, as here, whether the plaintiff's complaint was based on inadequate postal service rather than breach of contract. 450 F.3d 797 (8th Cir. 2006). The plaintiff alleged that the Postal Service "entered into and breached a federal common law contract" by failing "to provide preferred handling and expedited treatment of Priority Mail" despite charging more for the service than regular mail. *Id.* at 798. The Eighth Circuit "look[e]d beyond the facial allegations of the claim," alleging breach of contract, "to determine the true nature of the suit." *Id.* at 800. That true nature was a challenge to postal rates and services over which the Commission, not the district court, had jurisdiction. *See id.* at 800–01.

No reasonable interpretation of Mr. Ellis's complaint would give rise to this Court's jurisdiction and, accordingly, the complaint should be dismissed for lack of jurisdiction pursuant to Rule 12(b)(1).

II.     Mr. Ellis Fails To State A Claim For Breach Of Contract

Even if this Court were to accept Mr. Ellis's characterization of his claim as one for breach of contract—over such actions this Court would normally have jurisdiction, 28 U.S.C. § 1491(a)(1)—the Court should still dismiss Mr. Ellis's complaint because he fails to allege sufficient facts on which relief can be granted. *See* R. Ct. Fed. Cl. 12(b)(6).

Mr. Ellis's allegation of breach of contract rests on the contention that his request for an intercept created a contractual relationship whereby the Postal Service guaranteed the return of his parcel and the United States should now be liable for the parcel's alleged loss. *See* Compl. at 2–3. To establish a valid contract with the United States, however, three criteria must be met: (1) "an explicit agreement with the United States exists;" (2) "the agreement was executed by someone who possessed actual authority to bind the government in contract;" and (3) "the agreement entitles the [plaintiff] to monetary relief." *Cottrell v. United States*, 42 Fed. Cl. 144, 150 (1998). Mr. Ellis fails to allege facts bearing on any of these elements. Nor has he attached to his complaint any express contract or evidence bearing on the creation of an implied contract. *See* R. Ct. Fed. Cl. 9(k) (requiring a plaintiff "identify the substantive provisions of the contract" at issue, or annex a copy to the complaint indicating relevant provisions). In any event, as discussed, Postal Service regulations provide that an intercept is not guaranteed and do not contemplate monetary relief for a failure to intercept. DMM at 507.5.1.1. Mr. Ellis fails to state a claim for the breach of an express or implied contract; as such, his complaint can also be dismissed for failure to state a claim pursuant to Rule 12(b)(6).

5

CONCLUSION

For these reasons, we respectfully request this Court to dismiss Mr. Ellis's complaint.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

CLAUDIA BURKE
Assistant Director

MOLLIE L. FINNAN
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 480, Ben Franklin Station
Washington, D.C. 20044
Tel:  (202) 353-0897
mollie.l.finnan@usdoj.gov

Of Counsel

SHOSHANA O. EPSTEIN
Office of General Counsel
U.S. Postal Service

December 16, 2019               *Attorneys for Defendant*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on this 6th day of December, 2019, I caused to be placed in the United States mail (first-class, postage prepaid), a copy of the foregoing motion to dismiss, addressed as follows:

>Cameron Ellis
>One Stone Road
>Belmont, MA 02478

_(signature)_